**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHUCK PRICHARD                                                     PLAINTIFF

VS.                                4:04CV00660-WRW

CITY OF BRYANT, ARKANSAS a municipal
corporation, and MAYOR PAUL HALLEY                        DEFENDANTS

<u>ORDER</u>

Pending is Defendants' Motion for Summary Judgment.[1]  Plaintiff responded.[2]

Plaintiff filed Complaint alleging that Defendants violated the American with

Disabilities Act ("ADA") the Family Medical Leave Act ("FMLA"); 42 U.S.C. § 1983; the

Arkansas Civil Rights Act; and Arkansas public policy when they wrongfully fired Plaintiff after

he took a one month leave of absence. For the reasons stated below,  Defendants' Motion for

Summary Judgment with respect to the ADA, FMLA, and Section 1983 is GRANTED.  I decline

to take jurisdiction of the remaining state claims.

**I.  Background**

Plaintiff began working for the City of Bryant in 1999 as a police officer.[3]  He performed

his duties satisfactorily and was promoted to Sargeant in 2001.   On February 21, 2002, Plaintiff

called a friend and fellow officer, Lee Ledbetter, and told him to "send the coroner to my

house."[4]  Officer Ledbetter, dispatched Officer Brewer to Plaintiff's home, where Plaintiff was

---

[1]Doc. No. 32.

[2]Doc. No. 37.

[3]Defendant Ex. 1, p. 36.

[4]Defendant Ex. 5.

found in the shower, holding his service revolver to his forehead.  Plaintiff lowered the gun and

eventually surrendered the weapon.[5]  Plaintiff was immediately taken to the Saline County

Detention Facility, and met with a representative of the Counseling Clinic.[6]   At the time Plaintiff

threatened suicide, he was on a two-day suspension for failing to attend firearm qualification.

Plaintiff has no recollection of the events that lead to his suicide threat and does not remember

notifying his supervisors of a need for medical leave.[7]

After threatening suicide, Plaintiff was referred to a counselor, placed on sick leave, and

prescribed anti-depressant medication.[8] According to the Mayor, the City's attorney advised the

Police Chief that Plaintiff's suicide attempt created a risk of heightened liability and posed a

safety risk to Plaintiff and to the general public.  As a result, Plaintiff was terminated.[9]

## II.  Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact,

so that the dispute may be decided on purely legal grounds.[10]   The Supreme Court has

established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[11]

---

[5]Defendants Ex. 6 and 7.

[6]Defendants Ex. 7.

[7]Defendants Ex. 1, pp. 99-101.

[8]Defendant Ex. 1, pp. 23-24.

[9]Doc. No. 1

[10]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[12] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[13]  I must view the facts in the light most favorable to the party opposing the motion.[14]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[15]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[16]

## III.  Discussion

### A.  ADA and FMLA

---

[12]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[13]*Id.* at 728.

[14]*Id.* at 727-28.

[15]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (*quoting City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[16]*Anderson*, 477 U.S. at 248.

The facts of this case are virtually identical to the facts of *Spades v. City of Walnut Ridge, Arkansas*.[17]  In *Spades*, a police officer was terminated  "when he attempted suicide by inflicting a gunshot wound to his head."[18]  After receiving the necessary medical treatment and counseling for his depression, the officer maintained that he was capable of returning to work and performing the duties of a police officer. The District Court disagreed and granted summary judgment to the City, finding that the City's actions were reasonable. The Eighth Circuit affirmed.   It held that the city had a legitimate nondiscriminatory reason for terminating an officer who attempts suicide because a suicide attempt by a gun-bearing police officer increases the city's potential  liability. For the same reason, the Eighth Circuit affirmed the District Court's finding that the plaintiff failed to produce facts showing that the City violated the FMLA when it terminated him.[19]

Under the ADA, a *prima facie* case requires showing that Plaintiff  (1) was disabled within the meaning of the Act, (2) was qualified to perform the essential functions of the job, and (3) suffered adverse employment action under circumstances giving rise to an inference of unlawful discrimination.[20]  Upon establishing a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for discharge. After articulating

---

[17]186 F.3d 897 (8th Cir. 1999).

[18]*Id.*

[19]*Id.*, at 900.

[20]*Kiel v. Select Artificial, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999).

4

such a reason, the burden shifts back to the employee to present evidence that the reason is pretextual.[21]

It is unlikely that Plaintiff made his *prima facie* case under the ADA because depression, controlled by medication, is not a disability.[22]  In *Sutton*, the Supreme Court specifically held that a person whose mental impairment is corrected by medication does not have an impairment that substantially limits a major life activity and is not considered disabled under the ADA.[23]

The evidence shows that the depression that drove Plaintiff to threaten suicide is now under control through medication.[24]  Therefore, Plaintiff is not disabled as defined by the ADA. If Plaintiff is not disabled, then there is no ADA claim.

Even if Plaintiff made his *prima facie* case by showing disability, the Eighth Circuit in *Spades* specifically held that a city may legitimately terminate a police officer for attempting suicide.  Based on the holding in *Spades,* Plaintiff failed to create a genuine issue for trial on his ADA claim and on his FMLA claim.

---

[21]*Wilking v. County of Ramsey*, 153 F.3d 869, 872-73 (8th Cir. 1998).

[22]*Sutton v. United Air Lines, Inc*., 527 U.S. 471 (1999);*cf Murphy v. United Parcel Service*, Inc., 527 U.S. 516 (1999) (these cases held that the disability must be determined by taking into account mitigating factors such as medication).

[23]527 U.S. at 482-83.

[24]Defendant Ex. 1, pp. 29-30.

The FMLA allows employees to take up to twelve (12) weeks of unpaid leave so they may recover from certain medical problems.[25]  To deter discrimination against employees for taking leave, Congress declared retaliatory actions illegal.[26]

The FMLA establishes two categories of protections for employees -- substantive rights and protection from retaliation. The substantive rights provide that employees are entitled to take unpaid leave for a serious health condition.[27] After the period of qualified leave expires, the employee is entitled to be reinstated to the same employment that existed before the exercise of the leave.[28]  When an employee alleges a deprivation of these substantive guarantees, the employee is only required to show entitlement to medical leave --  the intent of the employer is immaterial.[29]

The FMLA also affords employees protection against retaliation for exercising their rights under the Act by declaring it unlawful for an employer to interfere with, restrain, or deny the exercise of any right provided under the Act.  In other words, an employer is prohibited from penalizing employees for using FMLA leave.[30]

This is a retaliation claim. When Plaintiff needed medical leave, he was suspended and his suicide threat was under investigation.  Plaintiff is not seeking a return to the same

---

[25]29 U.S.C.A. §§ 2601 to 2654.

[26]29 U.S.C.A. § 2615(a).

[27] 29 U.S.C. § 2612(a)(1).

[28]29 U.S.C. § 2614(a).

[29]*Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir.1997): *see also Hodgens v. Gneral Dynamics Corp*., 144 F.3d 151, 159 (1st Cir.1998).

[30] 29 C.F.R. § 825.220(c).

employment.  Rather, he is asking to return to the position he held before his suspension and he is alleging that he was wrongfully terminated because he took off work.

When a plaintiff alleges retaliatory discharge under anti-discrimination laws, courts employ the familiar burden-shifting framework established by the Supreme Court in *McDonnell Douglas*.[31] This means that a plaintiff must first establish a *prima facie* case before the burden shifts to his employer to articulate a legitimate reason for the action.  In order to meet a *prima facie* case Plaintiff must show that (1) he availed himself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; and (3) there was a causal connection between the employee's protected activity and the employer's adverse employment action.[32]

 Plaintiff's *prima facie* case fails because he has not provided sufficient information of a causal connection between taking medical leave and his termination   -- there is no evidence creating a reasonable inference that he was fired because of the one month leave.

When confronted with identical facts in *Spades*, the Eighth Circuit held "[t]he record does not support that Spades was fired because he took medical leave."*[33]*  The same is true here -- the record does not support Plaintiff's FMLA claim.

**B.  Section 1983**

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege and prove (1) that some person deprived him of a federal right, and (2) that the person who deprived him of that right acted under color of law.[34]  Plaintiff alleges that he was deprived of equal protection under

---

[31]*McDonell Douglas Corp. v. Green*, 411 U.S. 792, 800-06 (1973).

[32] *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002) *see also King v. Preferred Technical Group*, 166 F.3d 887 (7th Cir. 1999).

[33]*Spades,* 186 F.3d at 900.

[34]*Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (*citing Monroe v. Pape*, 365 U.S. 167, 171, (1961)).

the Fourteenth Amendment.  The Supreme Court has applied the rational basis to equal

protection claims for the disabled. "States are not required by the Fourteenth Amendment to

make special accommodations for the disabled, so long as their actions towards such individuals

are rational."[35]  The rational basis analysis places the burden of proof on a plaintiff,  and it is a

heavy burden.  Plaintiff has the burden of negating any reasonably conceivable state of facts that

could provide a rational basis for the City's decision to terminate him.[36]  Plaintiff cannot meet

this burden.  The City has articulated a rational basis for Plaintiff's termination.   Plaintiff has

not presented sufficient evidence to negate the City's rational explanation for its actions and

create a jury issue on this claim.

### C.  State Claims

Under 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction

over a claim [if] the district court has dismissed all claims over which it has original

jurisdiction." Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to

dismiss supplemental state law claims when all federal claims have been dismissed.[37]  "Where

state and federal claims are joined and federal claims are dismissed by summary judgment, the

state claims are usually dismissed without prejudice in the interest of comity."[38]  Accordingly, I

decline to exercise supplemental jurisdiction over the remaining state claims.

## IV.  Conclusion

In view of the above, Plaintiff has failed to create a reasonable inference that Defendants

---

[35]*Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 357 (2001).

[36]*Id.* at 366.

[37]*Gibson v.* Weber, 431 F.3d 339 (8th Cir. 2005); *Labickas v. Arkansas State University*, 78 F.3d 333, 334 (8th Cir.1996).

[38]*ACLU v. City of Florrissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999).

violated the ADA, FMLA or 42 U.S.C. §1983.   Plaintiffs federal claims are DISMISSED WITH

PREJUDICE.   The remaining claims based on the Arkansas Civil Rights Act and wrongful

discharge are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 21st day of March, 2006

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE